UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VITALINA MONTES-MENDOZA, an individual,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>GENERAL MOTORS LLC, a Delaware Limited Liability Company; and DOES 1-10, inclusive,<br><br>　　　　　　Defendants. | Case No. 5:25-cv-02690-SPG-DTB<br><br>**ORDER DENYING MOTION TO REMAND CASE TO LOS ANGELES SUPERIOR COURT [ECF NO. 13]** |

Before the Court is the Motion to Remand, (ECF No. 13 ("Motion")), filed by Plaintiff Vitalina Montes-Mendoza ("Plaintiff"). The Court has read and considered the Motion and concluded that it is suitable for decision without oral argument. *See* Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15. Having considered the parties' submissions, the relevant law, and the record in this case, the Court DENIES the Motion.

I.　**BACKGROUND**

On or around November 2, 2023, Plaintiff purchased a 2021 Chevrolet Silverado 1500, VIN 3GCUYDETXMG148419 (the "Vehicle"), manufactured and sold by Defendant General Motors LLC ("Defendant"). (ECF No. 1-1 ("Compl.") ¶¶ 6, 9). When Plaintiff purchased the Vehicle, she received express written warranties that provided, in

the event a nonconformity developed during the warranty period, Plaintiff could deliver the Vehicle to Defendant's authorized service facilities for repair. (*Id.* ¶ 11). According to Plaintiff, during the warranty period, the Vehicle developed "engine and differential defects" that impaired its use, value, and safety. (*Id.* ¶ 12). Plaintiff alleges she delivered the Vehicle to Defendant, which failed to repair the Vehicle after a reasonable number of opportunities to do so. (*Id.* ¶¶ 13–14). Plaintiff asserts that, in light of the nonconformities, she justifiably revoked acceptance of the Vehicle and exercised her right to cancel the contract. (*Id.* ¶ 23).

Plaintiff brings claims under California's Song-Beverly Consumer Warranty Act ("Song-Beverly Act"), the federal Magnuson-Moss Warranty Act ("MMWA"), California's Uniform Commercial Code ("UCC"), and California's Consumer Legal Remedies Act ("CLRA"). *See* (*id.*). As relief, Plaintiff seeks actual damages, restitution, civil penalties, remedies authorized by California Commercial Code §§ 2711–2713, and attorney's fees. (*Id.* at *Prayer*).

Plaintiff initiated this action in Los Angeles County Superior Court on May 6, 2025. *See* (*id.*). Defendant filed an answer on July 22, 2025. (ECF No. 1-2). Defendant removed the action to this Court on October 14, 2025. (ECF No. 1 ("NOR")). Plaintiff filed the Motion on November 13, 2025. (Mot.) Defendant filed an opposition on December 16, 2025. (ECF No. 14 ("Opp.")).

## II.   LEGAL STANDARD

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A defendant may remove a civil action filed in state court to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction where an action arises under federal law, 28 U.S.C. § 1331, or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs, 28 U.S.C. § 1332(a).

There is a "strong presumption" against removal jurisdiction, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citation omitted). "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009). The removing party bears the burden of establishing federal subject-matter jurisdiction. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).

## III. DISCUSSION

According to Plaintiff, the Court lacks diversity jurisdiction over the action because the Notice of Removal failed to establish that the amount-in-controversy is greater than $75,000. (Mot. at 11). Plaintiff has not contested that the parties are diverse. *See generally* (*id.*).

### A. Amount in Controversy

Where a plaintiff contests removal, the defendant bears the burden to "show the amount in controversy by a preponderance of the evidence," *Jauregui v. Roadrunner Transp. Servs., Inc.*, 28 F.4th 989, 994 (9th Cir. 2022), meaning that it is "more likely than not that the amount in controversy" exceeds the jurisdictional threshold, *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996) (internal quotation marks omitted). "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). As such, the defendant "need not present evidence of what its ultimate liability will be" and may rely on "a chain of reasoning that includes assumptions to calculate the amount in controversy." *Perez v. Rose Hills Co.*, 131 F.4th 804, 808 (9th Cir. 2025) (internal quotation marks and citation omitted). When assessing the amount in controversy, a court "may consider [the] allegations in the complaint and in the notice of removal, as well as [relevant] summary-judgment-type evidence." *Chavez v. JP Morgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018).

The Notice of Removal estimates the purchase price for the vehicle is $80,955.28. (NOR at 5). Through its preliminary investigation, Defendant estimated $6,231.39 in total deductions under the Song-Beverly Act based on milage offset, third-party service contracts, manufacturer's rebate, and negative equity, with the calculation of actual damages being $74,732.89. (*Id.*). Defendant also sought to include both civil penalties and attorney's fees in the calculation of the amount-in-controversy. (*Id.* at 6). The Notice of Removal therefore plausibly alleges that the amount in controversy is greater than $75,000. *E.g. Reynoso v. Gen. Motors LLC*, No. 2:25-cv-08412-AJR, 2025 WL 3089964, at *7 (C.D. Cal. Nov. 5, 2025) (finding that defendant's notice of removal plausibly alleged the amount in controversy based on the subject vehicle's purchase price, civil penalties, and estimate of attorney's fees in similar litigation).

In her Motion, Plaintiff argues that the estimate of the vehicle's value is speculative, and that Defendant has ignored the statutory mileage offset. (Mot. at 12–14). Plaintiff also argues that Defendant cannot include civil penalties in the calculation because it has not shown that such penalties are anything more than conjectural. (*Id.* at 15–16). In addition, Plaintiff argues that Defendant's assertion that attorney's fees up to this point are more than $5,000 is too speculative to establish jurisdiction. (*Id.* at 18). However, a Notice of Removal pursuant to 28 U.S.C. § 1441(a) requires "only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). Evidence establishing the amount in controversy by a preponderance of the evidence is required "only when the plaintiff contests, or the court questions, the defendant's allegation." *Id.* The Court thus turns to the evidence presented in Defendant's opposition to Plaintiff's remand motion to determine whether, by a preponderance of the evidence, Defendant's asserted calculation of actual damages, civil penalties, and attorney's fees exceeds $75,000.

        1.    <u>Actual Damages</u>

The Court first finds that Defendant established the amount of actual damages sought in the Complaint by a preponderance of the evidence. Defendant's estimate of the purchase

price of the vehicle is based on the sales agreement provided by Plaintiff, which shows that the total sale price was $80,955.28. (ECF No. 14-1 ("Fitch Decl.") ¶ 2); (ECF No. 14-2, Ex. A). After deducting the milage offset of $4,021.26, other statutory offsets of $6,990, and an estimated $30,988.91 in unpaid loan financing, Defendant contends that the actual damages are approximately $38,995.11. (Opp. at 11–12). Defendant also explains that the statutory offsets are calculated based on the Plaintiff's total alleged use of the Vehicle of 8,350 miles and the remaining balance on Plaintiff's loan. *See* (Opp. at 11); (ECF No. 14-2, Ex. A); (ECF No. 14-3, Ex. B). Although Plaintiff asserts that Defendant has not addressed the mileage offset, (Mot. at 14), it appears to the Court that Defendant has specifically addressed this. *See* (NOR at 9); (Opp. at 11). Because Defendant's estimates of the purchase price and offsets are based in actual data about Plaintiff's vehicle and Plaintiff's loan payment history, it appears to the Court that Defendant's "reasoning and underlying assumptions are reasonable." *Jauregui*, 28 F.4th at 993. Thus, the actual damages at issue in this case are approximately $38,995.11. As this is insufficient to meet the $75,000 amount in controversy threshold set forth in 28 U.S.C. § 1332(a), the Court turns to whether possible civil penalties and attorney's fees should also be considered in determining the amount in controversy.

### 2. Civil Penalties

The parties disagree whether the maximum civil penalty available under the Song-Beverly Act should be considered as part of the amount in controversy.

Several district courts in this Circuit have concluded that civil penalties are properly included in calculating the amount-in-controversy under the MMWA "when the plaintiff alleges that the defendant acted willfully and requests the full penalty in the complaint." *Amavizca v. Nissan N. Am., Inc.*, No. 22-cv-02256-JAK-KK, 2023 WL 3020489, at *6 (C.D. Cal. Apr. 19, 2023) (citing cases); *e.g. Lazorosas v. Mercedes-Benz USA, LLC*, No. 8:24-cv-01161-JWH-DFM, 2025 WL 40483, at *2 (C.D. Cal. Jan. 7, 2025) ("Courts routinely include civil penalties when calculating the amount-in-controversy for Magnuson-Moss purposes."); *see also Brady v. Mercedes–Benz USA, Inc.*,

243 F. Supp. 2d 1004, 1009 (N.D. Cal. 2002) (holding that Song–Beverly Act's civil penalties should be included in amount in controversy requirement for diversity jurisdiction).

Where, as here, Plaintiff alleges that Defendant acted willfully and seeks "a civil penalty in the amount of two times Plaintiff's actual damages pursuant to Civil Code section 1794(c)," (Compl. ¶¶ 17, 24, 28, *Prayer*), the civil penalty in the amount of two times the estimated actual damages is appropriate to include as part of the amount in controversy.  This brings the total damages to $116,985.33, which is sufficient to meet the amount in controversy jurisdictional threshold, and the Court does not need to decide whether the amount of anticipated attorney's fees is adequately supported.[1]

Plaintiff attempts to exclude civil penalties in the calculation by imposing an evidentiary burden on Defendant, arguing that Defendant is required to provide evidence of willfulness to support an award of civil damages. (Mot. at 16).  However, courts in this district have rejected that exact argument, recognizing that "[i]t would be absurd to suggest a defendant must offer evidence showing it willfully failed to comply with the Song-Beverly Act." *Brooks v. Ford Motor Co.*, No. 20-cv-302-DSF-KK, 2020 WL 2731830, at *2 (C.D. Cal. May 26, 2020); *Solis v. Nissan N. Am. Inc.*, No. 24-cv-00728-MWF-E, 2024 WL 1311275, at *4 (C.D. Cal. Mar. 27, 2024) (same).  Defendant is not required to prove the case against itself.  That Plaintiff alleged Defendant acted willfully and sought civil penalties as a remedy in the Complaint permits the Court to include the civil penalty in the amount in controversy calculation.

---

[1] The Court notes, however, that the Ninth Circuit has made clear that attorney's fees "may be included in the amount in controversy" under the MMWA where, as here, they are available under state law. *Shoner v. Carrier Corp.*, 30 F.4th 1144, 1148 (2022; *see* Cal. Civ. Code § 1794(e)(1).

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES the Motion to Remand.

**IT IS SO ORDERED.**

DATED: January 13, 2026

HON. SHERILYN PEACE GARNETT
UNITED STATES DISTRICT JUDGE